UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:15-cr-00035-JMS-MG |
| | ) | | |
| CHRISTOPHER WALBERT, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

### REPORT AND RECOMMENDATION

On February 4, 2025, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on October 15, 2024, December 16, 2024, and January 29, 2025. Defendant Walbert appeared in person with his appointed counsel Leslie Wine. The government appeared by Cristina Caraballo-Colon, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Brent Witter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Walbert of his rights and provided him with a copy of the petition. Defendant Walbert orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Walbert admitted violation numbers 1-5. [Docket No. 36, 49, 55.]

3. The allegations to which Defendant Walbert admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."**<br><br>On September 12, 2024, Mr. Walbert submitted a urine sample that returned positive for amphetamines. He admitted to the unlawful use and possession of methamphetamine approximately one week prior to the drug screen. Furthermore, on October 3, 2024, Mr. Walbert admitted to unlawfully possessing and using methamphetamine on October 2, 2024. The Court was previously advised Mr. Walbert tested positive for marijuana on May 17, 2023, and July 12, 2023. Additionally, Mr. Walbert tested positive for methamphetamine on September 28, 2023, and March 27, 2024; and for amphetamines on May 28, 2024, June 13, 2024, and July 26, 2024. |
| 2 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."**<br><br>On November 13, 2024, Mr. Walbert submitted a urine sample that returned positive for amphetamines. Prior to the collection of the test, Mr. Walbert admitted to unlawfully possessing and using methamphetamine on or about November 10, 2024. |
| 3 | **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."**<br><br>Mr. Walbert has failed to attend his weekly MRT sessions since November 6, 2024. He has been unsuccessfully discharged from the program. |
| 4 | **"The defendant shall participate in a substance abuse treatment program at the direction of** |

|   |   |
|---|---|
|   | the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay." |

Mr. Walbert has failed to return back to his substance abuse counseling since November 4, 2024. He has been unsuccessfully discharged from the program.

5     **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."**

On January 7, 2025, Mr. Walbert submitted a urine sample that returned positive for amphetamines. On January 25, 2025, the sample was confirmed to be positive for methamphetamine.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of 18 months with no supervision to follow. Defendant requested placement at a facility closest to Indianapolis, that is not Terre Haute. Additionally, it is recommended that defendant receive substance abuse treatment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 18 months with no supervised release to follow. The Magistrate Judge will make a recommendation of placement at a facility closest to

3

Indianapolis, that is not within the Terre Haute Federal Correctional Complex, but does offer substance abuse treatment. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

Defendant reviewed the above noted conditions with his attorney.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/5/2025

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system